IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL NO. 06-0088-CG |
| ) | |
| WOLFGANG SCHRÖDER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the motion of defendant, Wolfgang Schröder, to dismiss the indictment and memorandum in support (Docs. 25 & 26), and the response thereto of the United States (Doc. 32).

Defendant moved to dismiss the indictment against him on the grounds that it fails to state all required elements of the offense charged under 18 U.S.C. § 1115 and because it fails to adequately state the "facts and circumstances" of the alleged offense. Wolfgang Schröder is charged in a single-count Indictment that reads:

> On or about March 2, 2006, on the Mobile River, a navigable water of the United States within the Southern District of Alabama, Southern Division, and within the admiralty jurisdiction of the United States, the defendant,
> WOLFGANG SCHRODER
> being then and there the captain of the M/V ZIM MEXICO III, a vessel within the meaning of Title 18 United States Code 1115, did cause said vessel to collide with a container crane at the Alabama State Docks, resulting in the loss of life of Shawn Jacobs, that said

>collision and loss of life was caused by misconduct, negligence,
>and inattention to duties of the defendant as the captain of the
>vessel.  In violation of Title 18, United States Code, Section 1115.

(Doc. 8).

Defendant first asserts that the indictment fails to allege the essential element of gross negligence.  The United States, on the other hand, contends that gross negligence is not a necessary element of § 1115.  Title 18, United States Code, Section 1115 provides in pertinent part as follows:

>Every captain, engineer, pilot, or other person employed on any
>steamboat or vessel, by whose misconduct, negligence, or
>inattention to his duties on such vessel the life of any person is
>destroyed, and every owner, charterer, inspector, or other public
>officer, through whose fraud, neglect, connivance, misconduct, or
>violation of law the life of any person is destroyed, shall be fined
>under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 1115.

While there is no Eleventh Circuit case on point[1], a recent Fifth Circuit opinion is directly on point.  In United States v. O'Keefe, 426 F.3d 274, 279 (5th Cir. 2005), the captain of a tugboat on the Mississippi River was convicted of violating § 1115 after his vessel capsized, causing the death of the captain's ex-wife.  The defendant requested a jury instruction which would require the jury to find either "gross negligence" or "heat of passion" in order to convict.  The district court rejected the requested instruction, finding that Congress did not intend that proof of negligence or heat of passion would be required for a conviction under § 1115.  In upholding the district court's ruling, the Fifth Circuit stated that it "find[s] nothing in the statute's terms

---

[1] The brief of the United States mistakenly identifies the O'Keefe case, infra, as an Eleventh Circuit case.  O'Keefe was decided by the Fifth Circuit.

suggesting that the words 'misconduct, negligence or inattention,' were ever meant to imply gross negligence or heat of passion..."

Defendant argues that this court should not follow O'Keefe because it did not consider the interaction of § 1115 with § 1112, the general manslaughter statute, and failed to offer any reason why the definitions of manslaughter should differ between §§ 1112 and 1115.  However, the O'Keefe Court specifically rejected the contention that Congress is presumed to have incorporated common law meanings of negligence incorporated in § 1112 in the terms used in § 1115.  Id. at 279, n 1.  The Court explained that it did not agree "that because the predecessor to § 1115 was called manslaughter that it automatically engrafts the case law interpreting other definitions of manslaughter from other statutes."  Id.  "[Section] 1112 and § 1115 are separate crimes addressing different concerns with different penalties."  Id.  Having read the early cases interpreting the predecessor statute to § 1115 which are cited in O'Keefe and which were relied on by the district court in rejecting the jury instruction encompassing the gross negligence standard, this court agrees that  "[i]t appears clear from the purpose of the statute, its legislative history and the available case law interpreting it that any degree of negligence is sufficient to meet the culpability threshold."  Id. at 278.

Defendant also asserts that the indictment fails to allege the essential element of knowledge of the risk to others of his conduct.  Defendant again argues that such element should be read into § 1115 because it was an essential element of § 1112.  However, the two statutes are distinct.  As the O'Keefe Court stated:

> Involuntary manslaughter as defined in § 1112 applies to all persons, regardless of where the offense occurs or whether the offender had any unique responsibility or fiduciary duty towards the victim of the crime.  On the other hand, § 1115 applies only to

> commercial vessels whose operators and owners, historically speaking, 'daily have the lives of thousand of helpless humans beings in their keeping.'"

Id. ( emphasis in original).   This court has considered the reasoning of the Fifth Circuit in O'Keefe and agrees that it correctly interprets the mens rea required by § 1115.   Therefore, this court finds that neither gross negligence, nor knowledge of the risk that defendant's conduct posed to others, are necessary elements of proof of a violation of § 1115.

The court also rejects defendant's contention that the indictment fails to adequately state the "facts and circumstances" of the alleged offense.  Defendant contends that the indictment falls short because it fails to identify any act of the captain or a failure to act by him that is alleged to have been improper or how that act or omission caused the accident.

> "For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." United States v. Bobo, 344 F.3d 1076, 1083 (11th Cir.2003) (internal quotation marks omitted). "An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute." Id. (internal quotation marks omitted). "Furthermore, if the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Id. (internal quotation marks omitted).

United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006).  However, the indictment in this case does more than simply track the language of the statute.  The indictment alleges that on a date certain, while the defendant was the captain of the vessel, M/V ZIM MEXICO III, a named person lost his life because defendant "did cause said vessel to collide with a container crane at the Alabama State Docks..."  The court finds the indictment sufficiently apprises defendant of

4

the nature of the accusation against him and is sufficiently detailed to protect him against double jeopardy.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (Doc. 25) is **DENIED.**

**DONE** and **ORDERED** this 12th day of June, 2006.

      /s/ Callie V. S. Granade
      **CHIEF UNITED STATES DISTRICT JUDGE**